UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER C. KESTER,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**DECISION AND ORDER**

1:18-CV-00989 EAW

## INTRODUCTION

Represented by counsel, plaintiff Christopher C. Kester ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 15; Dkt. 20), and Plaintiff's reply (Dkt. 21). For the reasons discussed below, the Commissioner's motion (Dkt. 20) is denied, Plaintiff's motion (Dkt. 15) is granted in part, and this matter is remanded for further administrative proceedings.

## BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on December 19, 2014. (Dkt. 7 at 13).[1] In his applications, Plaintiff alleged disability beginning July 1, 2013, due to mood disorder, anxiety, depression, insomnia, imbalance, migraines, and post-traumatic stress disorder ("PTSD"). (*Id.* at 13, 220, 248). Plaintiff's application was initially denied on April 22, 2015. (*Id.* at 98-105). At Plaintiff's request, a video hearing was held before administrative law judge ("ALJ") William M. Manico on April 20, 2017, with Plaintiff appearing in Buffalo, New York, and the ALJ presiding from Alexandria, Virginia. (*Id.* at 38-69, 110-12). On May 26, 2017, the ALJ issued an unfavorable decision. (*Id.* at 10-35). Plaintiff requested Appeals Council review; his request was denied on July 12, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-9). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a

finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

I. **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2017. (Dkt. 7 at 16). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since July 1, 2013, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of obesity, seizure disorder, affective disorder, and PTSD. (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of hypertension, degenerative disc disease, gastroesophageal reflux disease, migraine headaches, substance abuse, and status post right shoulder surgery were non-severe. (*Id.* at 16-17).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 17). The ALJ particularly considered the requirements of Listings 11.02, 12.04, and 12.06 in reaching this conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the additional limitations that:

> [Plaintiff] may only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl. [Plaintiff] should never climb ladders, ropes, or scaffolds.
>
> [Plaintiff] should avoid exposure to hazards including exposure to unprotected heights and the operation of heavy machinery.

- 5 -

> [Plaintiff] retains the mental residual functional capacity to perform work that would allow him a regular work break approximately every two hours, and where interactions with others are limited to occasional, and which does not involve working with the public as part of his job responsibilities, and which does not involve the performance of fast-paced assembly work.

(*Id.* at 20).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 28). At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the representative occupations of sorter and inspector. (*Id.* at 29-30). Accordingly, the ALJ found Plaintiff was not disabled as defined in the Act at any time from the alleged onset date through the date of the ALJ's decision. (*Id.* at 30).

## II. Remand of this Matter for Further Proceedings is Required

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner. Plaintiff argues that: (1) the ALJ improperly relied on his own lay opinion in assessing Plaintiff's mental RFC; (2) the ALJ erred in concluding that Plaintiff's right shoulder injury was not a severe impairment and should have further developed the record on this point; and (3) the ALJ failed to properly consider lay evidence submitted by Plaintiff's friend. (Dkt. 15-1 at 1). For the reasons discussed below, the Court concludes remand is necessary because the ALJ did not rely on competent medical opinion in assessing Plaintiff's mental RFC and further development of the record is necessary.

## A. The Medical Opinions of Record Regarding Plaintiff's Mental Impairments were Stale and Further Development of the Record was Required

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.* However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). In other words:

> An ALJ is prohibited from "playing doctor" in the sense that an ALJ may not substitute [her] own judgment for competent medical opinion. This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.

*Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (quotation and citation omitted). "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted).

In this case, the record contained two opinions regarding Plaintiff's mental impairments: (1) state agency reviewing psychologist Dr. C. Butensky's opinion of April 22, 2015; and (2) consultative examiner Dr. Janine Ippolito's opinion of March 17, 2015. (Dkt. 7 at 78, 356-60). Dr. Butensky opined that Plaintiff's "current psychiatric impairment is non-severe" (*id.* at 78), while Dr. Ippolito opined that Plaintiff's "psychiatric

impairments "[did] not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis" (*id.* at 359).

The ALJ gave "limited weight" to Dr. Butensky's opinion and "partial weight" to Dr. Ippolito's opinion. (Dkt. 7 at 26-27). However, in his discussion of these opinions, the ALJ acknowledged that "more current records show that [Plaintiff's] symptoms worsened" after Dr. Ippolito performed her examination, and that "the evidence as a whole shows that [Plaintiff's] impairments worsened over time," including after Dr. Butensky issued his opinion. (*Id.*).

"[M]edical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015). "A medical opinion may be stale if it does not account for the claimant's deteriorating condition." *Carney v. Berryhill*, No. 16-CV-269-FPG, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017). Here, the ALJ himself determined that the medical opinions of record regarding Plaintiff's mental impairments were stale and did not reflect his worsening symptoms. However, the ALJ then went on to assess Plaintiff's mental RFC without obtaining an updated opinion. This was error. "Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). Specifically, the ALJ must "investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011). In this case, the record was bereft of any up-to-date medical opinion regarding Plaintiff's mental functioning.

"[B]ecause there was an obvious gap in the administrative record as it related to [Plaintiff's] mental functioning, the ALJ was obligated to make a reasonable effort to fill that gap before rejecting [Plaintiff's] application for disability benefits. More specifically, the ALJ was required to obtain a non-stale medical source statement. . . ." *Pervaiz v. Comm'r of Soc. Sec.*, No. 18-CV-1283, 2019 WL 6875232, at *7 (W.D.N.Y. Dec. 17, 2019) (quotation and original alteration omitted). The Court accordingly finds that remand of this matter for additional development of the record (and re-evaluation of Plaintiff's application in light of the expanded record) is necessary.

B. **Plaintiff's Remaining Arguments**

As set forth above, Plaintiff has identified additional reasons that he contends warrant remand. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Insalaco v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 401, 410 (W.D.N.Y. 2019) (declining to reach additional arguments where the court had determined remand for further administrative proceedings was necessary); *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (same).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 20) is denied, Plaintiff's motion for judgment on the pleadings (Dkt. 15) is

granted in part, and the matter is remanded for further administrative proceedings consistent with this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 11, 2020
Rochester, New York